IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**CHARLES EDWARD STOUT,**

     **Plaintiff,**

v.                   Case 2:15-cv-02194-JTF-cgc

**FIRST TENNESSEE BANK and
ELBERT L. THOMAS, JR.,**

     **Defendants.**

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

**REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING PURSUANT TO 28 U.S.C. § 1915 AND ON CERTIFICATION OF APPEALABILITY PURSUANT TO RULE 24 OF THE FEDERAL RULES OF APPELLATE PROCEDURE**

---

  Before the Court is Plaintiff Charles Edward Stout's Motion for Leave to Proceed In Forma Pauperis ("Motion for IFP Status") (Docket Entry "D.E." #2) and Plaintiff's *pro se* Complaint (D.E. #1), which must be screened pursuant to 28 U.S.C. § 1915 ("Section 1915") if Plaintiff is granted leave to proceed in forma pauperis. The Motion for IFP Status has been referred to the United States Magistrate Judge for determination and the Section 1915 screening has been referred for Report and Recommendation.[1] For the reasons set forth herein, Plaintiff's Motion for IFP Status is GRANTED, it is recommended that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

1

to state a claim upon which relief may be granted, and it is recommended that leave to proceed in forma pauperis on appeal be DENIED pursuant to Rule 24 of the Federal Rules of Appellate Procedure.

**I. Background**

On March 23, 2015, Plaintiff filed a Complaint to Quiet Title and for Declaratory and Injunctive Relief ("Complaint") against First Tennessee Bank and Elbert L. Thomas, Jr., CEO (collectively "Mortgage Defendants").[2] The allegations in Plaintiff's Complaint are difficult for the Court to decipher, but he appears to contend that his property located at 4799 Harvest Knoll Cove in Memphis, Tennessee should not have been subjected to foreclosure. (Compl. ¶¶ 8-10). Specifically, Plaintiff alleges that he "made regular monthly payments . . . from April 2012 through December, 2014." (*Id*. ¶ 10c) He states that, on or about November, 2013, he received a Notice from First Tennessee Bank regarding its "authority to foreclose." (*Id*. ¶¶ 10d, 12b). He alleges that, in or about January 2014, his property was subjected to an "illegal judicial sale," and that in or about December 2014 he was sent a notice of a "FORTY-FIVE DAY PRE-FORECLOSURE." (*Id*. ¶¶ 10, 12a). He further claims that, on or about February 20, 2015, he received a "NOTICE OF DEFAULT/INTENT FORECLOSURE SALE." (*Id*. ¶ 11).

Based upon these allegations, Plaintiff's Complaint raises the following purported claims:

---

[2] Plaintiff's Complaint also states as follows: "John and Jane Does' [sic] are Defendants who are unknown to Petitioner at this time, but who may be added appropriately to the complaint as they become known." (Compl. ¶ 8a). Service of process cannot be made on unnamed or fictitious parties. The filing of a complaint against John and Jane Doe defendants does not toll the running of the statute of limitations against those parties. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Michigan Bell Telephone Co*., 404 F.2d 1023, 1028 (6th Cir. 1968). Accordingly, it is recommended that, to the extent Plaintiff's Complaint seeks to raise any claims against any John or Jane Doe defendants, that such claims be dismissed pursuant to Section 1915.

violations of the Uniform Commercial Code, Uniform Foreign Money Claims Act, and Uniform Judicial Code (Compl. ¶¶ 13-18); a "Cause of Action to Set Aside Foreclosure Claim" (Compl. ¶¶ 30-37); a "Cause of Action and Claim for Failure of Consideration" (Compl. ¶¶ 38-40); a claim for usury (Compl. ¶¶ 41-43); a claim for breach of contract (Compl. ¶¶ 44-48); a claim for ultra vires (Compl. ¶¶ 49-50); a claim for indefiniteness of contract (Compl. ¶¶ 51-52); a claim for unconscionability (Compl. ¶¶ 53-55); a claim for fraud (Compl. ¶¶ 56-60); a cause of action for cancellation (Compl. ¶¶ 61-62); a "cause of action following trust property into its product against trustee" (Compl. ¶¶ 63-65); a civil RICO claim for illegality by monopoly, conspiracy, and racketeering (Compl. ¶¶66-72); a "cause of action involving federal officials" (Compl. ¶¶ 78-79); a cause of action regarding tax event reporting (Compl. ¶¶ 80-83); a request for the disbarment of defense counsel (Compl. ¶¶ 109-110); and, "allegations of criminal wrongdoing" (Compl. ¶¶ 73-77).

## II.  Motion for IFP Status

Initially, the Court must consider Plaintiff's Motion for IFP Status. On the basis of the information set forth in Plaintiff's affidavit, Plaintiff's Motion for IFP Status is GRANTED. The Clerk shall record the defendants as First Tennessee Bank and Elbert L. Thomas, Jr.

## III.  Section 1915 Screening

Pursuant to Section 1915, in proceedings in forma pauperis, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a pleading must include a "short and plain

3

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

**A. Breach of Contract**

First, Plaintiff asserts a claim for breach of contract. As a basis for this claim, Plaintiff states as follows: "Mortgage Defendants contracted with this Petitioner[] to loan Petitioner Legal Tender 'Dollars' of U.S. currency. The contracting parties contracted that the loan would be repaid in Legal Tender 'Dollars.'" The contracting parties did not enter into a contract to loan or borrow and repay in Negotiable Instruments. Mortgage Defendants failed to lend this Petitioner Legal Tender 'Dollars' as lawfully defined by the US Congress in the form of US Silver Coin." (Compl. ¶ 45).

4

An action for breach of contract requires the following: "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005). Plaintiff has failed to allege the basic elements of a claim for breach of contract, has only loosely alleged that a contract was formed, and does not specify the parties to the alleged contract; instead, his claims focus on his general dispute regarding whether United States Dollars constitute legal tender and, similarly, the legality of negotiable instruments. These allegations are wholly insufficient to support a claim for breach of contract. Accordingly, it is recommended that Plaintiff's claim for breach of contract fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

### B. Failure of Consideration

Next, Plaintiff asserts that there was a "failure of consideration" in the formation of the contract. (Compl. ¶¶ 38-40). Adequate consideration is "a necessary ingredient for every contract," and, without mutual consideration, a purported contract is invalid and unenforceable. *Estate of Brown*, 402 S.W.3d 193, 200 (citing *Bratton v. Bratton*, 136 S.W.3d 595, 600, 603-04 (Tenn. 2004)). "Consideration exists whenever a party does something that he or she has no legal obligation to do or refrains from doing something that he or she has a legal right to do." 402 S.W.3d at 200 (citing *Brown Oil Co. v. Johnson*, 689 S.W.2d 149, 151 (Tenn. 1985)). However, Plaintiff's allegations regarding lack of consideration also arise from his beliefs regarding the legality of negotiable instruments. (Compl. ¶¶ 39-40). These allegations are insufficient to support a claim that the contract is invalid and unenforceable on the basis of failure of consideration. Accordingly, it is

5

recommended that Plaintiff's claim that the contract is invalid and unenforceable on this ground fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

**C. Fraud**

Next, Plaintiff asserts a claim for fraud. Although Plaintiff's allegations are unclear, he appears to believe that the Mortgage Defendants committed fraud by failing to "specify the essential terms" of whether they would lend and demand payment in "Legal Tender 'Dollars'" or "Negotiable Instruments." (Compl. ¶ 57). Plaintiff further allegations that banking institutions such as Mortgage Defendants are prohibited "from circulating their commercial paper in purposeful efforts to create debts such as the one encumbering this Petitioner's property" and that, as such, any "Notes and Mortgages encumbering this Petitioners['] property are invalid." (Compl. ¶ 58). Plaintiff claims that "on the date of the execution of the Promissory Note, and accompanying MORTGAGE document, the relevant information contained therein was false and materially deceptive, and unfair business trade practices were used to conceal the true nature of the transaction." (Compl. ¶ 59). Plaintiff further alleges the specific details of the fraud claim, which are based upon his general premise that, under "the current monetary system of the USA," the Mortgage Defendants did not actually loan him "money." (Compl. ¶ 60).

A claim for fraud requires the following: (1) that the defendant made a representation of a present or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that the defendant either knew that the representation was false or did not believe it to be true or that the defendant made the representation recklessly without knowing whether it was true or false; (5) that the plaintiff did not know that the representation was false when made and was justified in relying on the truth of the representation; and (6) that the

6

plaintiff sustained damages as a result of the representation. *Hodge v. Craig*, 382 S.W.3d 325, 342 (Tenn. 2012). Rule 9(b) of the Federal Rules of Civil Procedure requires that allegations of fraud "must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b).

Upon review, Plaintiff's Complaint conclusorily sets forth certain elements of a claim for fraud but does not provide the required factual matter that, when accepted as true, would state a claim to relief that is plausible on its face. Plaintiff does not specify what was misrepresented to him or what information was concealed from him. Further, Plaintiff has not provided any contractual language or exhibits that would demonstrate the agreement between the parties, which would govern the aspects of the parties' relationships that Plaintiff alleges were improper, including how payments are made and when foreclosure is authorized. Plaintiff's Complaint is especially lacking given that claims of fraud must be plead with particularity. Accordingly, it is recommended that Plaintiff's claim for fraud fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

### D. Other Claims

Finally, Plaintiff has purported to raise thirteen additional claims against Mortgage Defendants. Plaintiff either fails to cite any provisions of law that he alleges were violated or cites provisions of law that are wholly inapplicable to his case. The majority of these claims are based upon Plaintiff's beliefs regarding the illegality of negotiable instruments and his assertion that United States Dollars are not acceptable legal tender. Upon review of these purported claims, the Court is not able to discern any further cognizable claims in Plaintiff's Complaint. Accordingly, it is recommended that the claims discussed above in Sections III.A, III.B, and III.3 constitute all of the claims raised in Plaintiff's Complaint and that, to the extent Plaintiff attempts to raise any

additional claims, that they fail to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

**IV. Certification of Appealability**

Upon the recommendation that Plaintiff's Complaint be dismissed pursuant to Section 1915, the Court must further consider whether it should be recommended that Plaintiff be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies the pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for the district court does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead to the recommendation that the District Court dismiss the complaint in this case for failure to state a claim upon which relief may be granted also compel the recommendation that an appeal would not be taken in good faith. Accordingly, it is recommended

that the District Court certify pursuant to Rule 24(a) of the Federal Rules of Civil Procedure that any appeal in this matter by Plaintiff is not taken in good faith and that leave to proceed in forma pauperis on appeal be DENIED.  It is further recommended that, if Plaintiff files a notice of appeal, he must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**DATED** this 20th day of April, 2015.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**