IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHARLES EDWARD STOUT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:15-cv-02194-JTF-cgc |
| | ) |
| FIRST TENNESSEE BANK and ELBERT L. THOMAS, JR., | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION FOR DISMISSAL**

Before the Court comes Plaintiff Charles Edward Stout's *pro se* Complaint. (ECF No. 1). This case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013). Pursuant to such Order, on April 20, 2015, the Magistrate Judge issued her Report and Recommendation that Plaintiff's Complaint be dismissed via 28 U.S.C. § 1915(e)(2) review. (ECF No. 5). On April 29, 2015, the Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. (ECF No. 6).

For the following reasons, the Court finds the Magistrate Judge's Report and Recommendation should be ADOPTED.

I. **FACTUAL HISTORY**

The Court has fully reviewed both Plaintiff's Complaint and Objections taking into account that Plaintiff is a *pro se* litigant without the advantage of legal advice. With that in mind, the Plaintiff has filed no comprehensible objection to the Magistrate Judge's proposed

1

facts. Therefore, the Court adopts the Magistrate Judge's proposed findings of fact as the factual history. (ECF No. 5 at 2-3).    INDICATING REVIEW OF COMPLAINT AND OBJECTIONS

## II. STANDARD OF REVIEW

### A. Review of a Magistrate Judge's Determination

The district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard." (internal citations omitted)).

### B. Rule 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This allows the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if *everything alleged* in the

2

complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (emphasis added) (citing *Nishiyama v. Dickson Cnty.*, 814 F.2d 277, 279 (6th Cir. 1987)).

When evaluating a motion to dismiss under Fed. R. 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (first alteration in original) (quoting *Twombly*, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain detailed factual allegations, a plaintiff's "[]bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the . . . court to draw on its experience and common sense." *Id.* at 663-64 (citing *Twombly*, 550 U.S. at 556). When undertaking a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), the Court may look to "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint'" for guidance. *Barany-Synder v. Weiner,* 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001))).

III. ANALYSIS

A. The Magistrate Judge's Report and Recommendation

3

In her Report and Recommendation, the Magistrate Judge screened Plaintiff's original Complaint pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 5). The Magistrate Judge recommended that Plaintiff's (1) breach of contract; (2) failure of consideration; (3) fraud; and (4) thirteen remaining claims be dismissed for failure to state a claim on which relief may be granted. *Id.* at 4-8. Specifically, the Magistrate Judge's proposed conclusions of law are as follows:

The Magistrate Judge concluded that Plaintiff failed to allege the prima facie case for a breach of contract claim. *Id.* at 4-5 ("An action for breach of contract requires the following: '(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damage caused by the breach of the contract.'" (quoting *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005))). Plaintiff's Complaint centers around the contention that he was never loaned "dollars" but instead acquired negotiable instruments in breach of the contract. *Id.* at 4 (citing ECF No. 1 at ¶ 45). The Magistrate Judge found Plaintiff's "allegations . . . wholly insufficient to support a claim for breach of contract." *Id.* at 5. Similar to Plaintiff's breach of contract claim, his failure of consideration claim stems around the supposed improper use of negotiable instruments. *Id.* at 5 (citing ECF No. 1 at ¶ 39-40). As such, the Magistrate Judge similarly found Plaintiff's allegations insufficient as to his failure of consideration claim. *Id.*

As to Plaintiff's fraud claim, the Magistrate Judge determined that Plaintiff did "not provide the required factual matter that, when accepted as true, would state a claim to relief that is plausible on its face." *Id.* at 7; *see also Hodge v. Craig*, 382 S.W. 3d 325, 342 (Tenn. 2012) (requiring (1) a representation by the defendant; (2) that was false when made; (3) involving a material fact; (4) that the defendant knew or should have known was false; and (5) plaintiff

justifiably relied on such representation (6) thereby sustaining damages). Essentially, "Plaintiff's Complaint is . . . lacking given that claims of fraud must be plead with particularity." (ECF No. 5 at 7) (citing Fed. R. Civ. P. 9(b) (requiring particularity when pleading fraud claims)). Moreover, the Magistrate Judge recommends dismissing the remaining thirteen claims as being "wholly inapplicable to his case" as alleged or again centering on the legality of negotiable instruments. *Id.* at 7-8.[1]

**B. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation**

On April 29, 2015, Plaintiff filed Objections of Report and Recommendation. (ECF No. 6). The Plaintiff did not make any objection to the Magistrate Judge's legal analysis or provide any case law to the contrary. Such objection document is general and does not provide this Court with specific issues to review. The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)) ([O]bjections were to address specific concerns[,which is] . . . 'supported by sound considerations of judicial economy. . . . [This] thereby prevent[s] the district court from being 'sandbagged' [on appellate review] by a failure to object."). Without a specific objection, it is difficult for the Court to construe how the Magistrate Judge's Report and Recommendation misrepresented the facts of this case or what cause or issue the parties could find objection. The failure to identify specific concerns with a Magistrate Judge's report and recommendation allows the party's objection to be deemed a general objection, or a failure to object entirely. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard*, 932 F.2d at 509).

---

1. The Magistrate Judge further recommended that any appeal would not be taken in good faith. (ECF No. 5 at 8-9).

Again the Court has fully reviewed both Plaintiff's Complaint and Objections taking into account that Plaintiff is a *pro se* litigant without the advantage of legal advice. Even so, upon *de novo* review, the Court does not find issue with the Magistrate Judge's proposed conclusions of law in dismissing this case. Plaintiff's Complaint asserts mostly incomprehensible theories of law. Plaintiff's Objections are similarly incomprehensible to this Court. As such, this Court finds the Magistrate Judge's analysis and recommendation proper.

## IV. CONCLUSION

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation. Therefore, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED** on this 30th day of April, 2015.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge